HAY'S ADMX. )
   v. )   CHANCERY.
WRIGHT'S ADMRS. )

WHITE, J., delivered the following statement of the case, and opinion of the court:—

The object of this bill is to be relieved against a bond given by John Hays, in his lifetime, upon two grounds. First, because no consideration was received for it. Second, because it has been paid to the obligee.

The substance of the case as is to be collected from the pleadings and proof, appears to be, that the bond in question was given by Hays to Chisolm and Doublehead in consideration of a tract of land in what is commonly called Doublehead's reserve. About twelve months after it became due, Chisolm purchased of Wright, the deceased, $200 worth of merchandise; gave this bond to him, with an assignment to secure the payment of the $200,

and Wright gave Chisolm a receipt for the bond, promising to sue for and collect the amount, and pay over the balance. The bond was for $800 and there had been $100 paid before the assignment. Sometime after the assignment to Wright, the representative of Hays paid to Chisolm the full amount of the bond, knowing, at the same time, that it had been transferred to Wright. Shortly after this payment, Harmon Hays, who seems to have acted as the agent of the administratrix, under an impression that she would be bound to pay Wright, promised to make such payment, and by virtue of an attachment, sold as much of Chisolms' property as raised the amount coming to Wright; but no payment having been made to Wright he sued upon the bond and recovered a judgment.

(1) In this case, it appears to the court that if Doublehead and Chisolm still had an interest in this bond, they could not recover, because they had no such title in the land as they could, consistently with the treaty made with the Cherokee Indians and the laws of the United States, transfer to Hays, and therefore there was no consideration for the bond (2) Ante Vol. 1, Wright can stand in no better situation—he took the assignment after the bond became due, and he is, consequently, affected in the same manner the obligees themselves would have been. This question has been so often decided that it is almost useless to name it.

But it is agreed, for the defendant, that the complainants through her agent, promised to pay the amount due Wright, and that a sum equal to that amount was recovered of Chisolm. (3) This promise even if it had been made by the complainant, amounts to nothing—it was made on the ground of an old transaction, under a

mistaken opinion that Wright, as he was an assignee, could compel the payment of the bond. The recovery of the same amount from Chisolm makes no difference; it was only regaining part of a debt which, in conscience, ought to have been paid to the complainant by Chisolm. Hays had previously paid to Chisolm the full amount of the bond; by the attachment he recovered back $200 being still out of pocket $600. And if we now decree as the defendants wish, we, in substance, compel a payment of the whole $800 at the same time that we are of opinion the complainant, upon principles of equity is liable for no part of it.

The defendants still have their remedy against Chisolm for the $200; but the estate of Hays ought not to be made answerable.

HAYWOOD, for the complainant.

WHITESIDE, for the defendants.